UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYNTHIA LOUISE HOYER,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. C17-38RAJ

**ORDER**

Plaintiff Cynthia Louise Hoyer seeks review of the Commissioner's denial of her application for Supplemental Security Income. She contends the administrative law judge ("ALJ") erred by discounting certain opinion evidence and her subjective testimony. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** for additional administrative proceedings.

## **BACKGROUND**

Ms. Hoyer is currently 53 years old, has a high school diploma, and previously worked as housekeeper and sandwich maker. Tr. 64-66, 236. In September 2013, she applied for benefits, alleging disability as of August 1, 2008.[1] Tr. 210-15. Her application was denied initially and

---

[1] At the hearing, Ms. Hoyer amended her onset date to September 10, 2013. Tr. 63.

ORDER - 1

on reconsideration. Tr. 140-48, 152-56. The ALJ conducted a hearing on March 25, 2015 (Tr. 58-79), and subsequently found Ms. Hoyer not disabled. Tr. 10-23. As the Appeals Council denied Ms. Hoyer's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-4.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, [2] the ALJ found:

**Step one:** Ms. Hoyer did not engage in substantial gainful activity after she applied for benefits.

**Step two:** Ms. Hoyer's degenerative disc disease of the lumbar spine, depression, anxiety, posttraumatic stress disorder ("PTSD"), borderline personality disorder, obsessive-compulsive disorder, and substance abuse are severe impairments.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC"):** Ms. Hoyer can perform less than a full range of light work, with the following additional limitations: she can perform simple, routine tasks with short, simple instructions. She can do work that requires little or no judgment. She can perform simple duties that can be learned on the job in less than 30 days. She can respond appropriately to supervision and co-workers, and deal with occasional changes in the work environment. She can do work that requires only occasional exposure to or interaction with the public.

**Step four:** Ms. Hoyer can perform her past work as a housekeeper, and is therefore not disabled.

Tr. 10-23.

## DISCUSSION

**Subjective testimony**

The ALJ rejected Ms. Hoyer's subjective testimony for a number of reasons: (1) she made inconsistent and/or inaccurate statements about her drug use to providers and family

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

members; (2) her physical and social activities are inconsistent with her reported limitations; and (3) she maintained the ability to complete volunteer work after her alleged onset date. Tr. 16-18. Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

### 1. Statements regarding drug use

The ALJ cited instances where Ms. Hoyer failed to disclose drug use to a provider, a treatment sponsor, and her sister. Tr. 16-17 (citing Tr. 1228, 1243). The ALJ reasoned that Ms. Hoyer's lack of candor regarding her drug use led him to find her "simply not believable in her allegations, especially regarding her continued drug use." Tr. 17.

Ms. Hoyer contends that she was "under no obligation to disclose any drug use to her sister[,]" and that the ALJ did not show that she was "anything but forthright about her drug use with her treatment providers." Dkt. 10 at 15. The Court agrees that Ms. Hoyer's failure to disclose drug use to her sister does not bear on her credibility, and that the record does not show that she made inaccurate statements or failed to be candid with her providers. The portions of the record cited by the ALJ suggest that Ms. Hoyer disclosed her current heroin use to her provider and her treatment sponsor. *See* Tr. 1228, 1243. The ALJ's finding that Ms. Hoyer's allegations were "simply not believable", "especially regarding her continued drug use[,]" is therefore not supported by substantial evidence.

### 2. Physical activities

The ALJ cited records indicating that Ms. Hoyer had engaged in walking for exercise and hiking/camping activities with her sisters as evidence that her allegations of physical limitations were not reliable. Tr. 17. The notes cited by the ALJ do not actually establish that Ms. Hoyer engaged in activities inconsistent with her allegations during the adjudicated period, however.

ORDER - 3

The Commissioner admits that the ALJ cited a report that Ms. Hoyer "enjoys hiking" that was repeated sixteen times in the record, but this record does not necessarily indicate that Ms. Hoyer went hiking at all during the adjudicated period, let alone sixteen times. Dkt. 12-1 at 4. The Commissioner notes that the ALJ also cited evidence that Ms. Hoyer went camping in the summer of 2012 (Tr. 879), but camping does not necessarily require physical exertion incompatible with her alleged limitations. The Commissioner also points to evidence that Ms. Hoyer cheered for her sister in completing a stairclimb (Dkt. 12-1 at 4 (citing Tr. 1085)), but there is no suggestion that Ms. Hoyer herself climbed any stairs. This record citation therefore does not support the ALJ's finding.

Because the ALJ overstated the extent of Ms. Hoyer's physical activities, and did not cite convincing evidence that she engaged in conduct inconsistent with her allegations, this reasoning does not support the ALJ's conclusion.

3. Social activities

The ALJ cited evidence that Ms. Hoyer socialized with her sisters, started a new dating relationship, and attended substance abuse treatment meetings as evidence that she was not as socially limited as she alleged. Tr. 18. Ms. Hoyer argues that the ALJ selectively cited records, omitting ones indicating she had problems with social interactions. Dkt. 10 at 17 (citing Tr. 474, 1130, 1142). The Court agrees that the ALJ did not fully account for the entire record when finding that Ms. Hoyer's activities demonstrate that she was less socially limited than alleged, and the ALJ therefore erred in relying on this reasoning. *See Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (holding that an ALJ "cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result").

### 4. Volunteer work

Lastly, the ALJ reasoned that because Ms. Hoyer could complete a "full-time volunteer job," she was less limited than alleged. Tr. 17-18. Again, Ms. Hoyer argues that the ALJ failed to fully account for the entire record, ignoring evidence that she struggled to complete this work both physically and mentally. Dkt. 10 at 16 (citing Tr. 489, 539, 558, 560, 562, 566, 572, 861, 1124, 1146, 1228, 1243). Furthermore, Ms. Hoyer was not volunteering on a full-time basis, as stated by the ALJ, but volunteered 3.5 hours a day, two or three days a week. *See* Tr. 797, 861. The ALJ did acknowledge that Ms. Hoyer ultimately terminated her volunteer work because of her mental impairments (Tr. 18), which does not support the ALJ's conclusion that Ms. Hoyer could work. Because the ALJ overstated the extent of Ms. Hoyer's volunteer activities, and her degree of success in completing those activities, his reasoning is not supported by substantial evidence and does not support his conclusion.

In light of the ALJ's errors in evaluating Ms. Hoyer's symptom testimony, the Court cannot affirm his conclusion that her testimony was not entirely reliable. The ALJ went on to discount the opinions of Melanie Mitchell, Psy.D., James Czysz, Psy.D., and Amanda Kost, M.D., based on his faulty interpretation of Ms. Hoyer's activities, which is not based on substantial evidence for reasons explained *supra*. *See* Tr. 19, 20. The ALJ's rejection of these opinions is also therefore erroneous.

**Lay statement**

Ms. Hoyer's mental health case manager, Rena Elkins, MHP, LICSW, wrote a narrative letter describing her symptoms since 2010, and stating that she had not been able to work "for years" and that "[i]t is difficult to assess whether Ms. Hoyer will be able to work in the future however when and if that time comes we will do everything to support her." Tr. 393.

The ALJ found that Ms. Elkins exaggerated the extent of Ms. Hoyer's limitations, because she had been able to work from 1989 to 1996, and again from 2001 to 2006, and did not stop working at either of these jobs due to mental health impairments. Tr. 19. The work history cited by the ALJ predates Ms. Hoyer's alleged onset of disability, however, and predates Ms. Hoyer's treatment with Ms. Elkins. That work history does not contradict Ms. Elkins' statement that Ms. Hoyer had not worked "for years" and does not bear on her opinion regarding the impact of Ms. Hoyer's symptoms on her ability to work during the time that Ms. Elkins had known her.

The Commissioner suggests that Ms. Hoyer's PTSD should have remained stable over the years because it was based on childhood trauma, and thus Ms. Hoyer's ability to work in the past suggests that her PTSD was not entirely disabling. Dkt. 12-1 at 6. But Ms. Elkins' opinion is not focused only on PTSD, but also on Ms. Hoyer's symptoms of anxiety and depression. Tr. 393. The ALJ's reasoning does not address the entirety of Ms. Elkins' opinion, and does not constitute a germane reason to discount it, as required in the Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

**Remedy**

Ms. Hoyer requests that the ALJ's errors be remedied by a remand for a finding of disability. Dkt. 10 at 17-18. The Court finds that this extreme remedy is not appropriate in this case, in light of the conflicts in the record regarding the extent of Ms. Hoyer's limitations. If the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (holding that if the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings). On remand, the ALJ shall reconsider Ms. Hoyer's testimony; the opinions of Drs.

Mitchell, Czysz, and Kost; and Ms. Elkins' statement.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further administrative proceedings.

DATED this 13th day of November, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge